# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### September 12, 2000 Session

## STATE OF TENNESSEE v. GILFORD E. WILLIAMS

**Direct Appeal from the Circuit Court for Madison County**
**No. 98-93     Franklin Murchison, Judge**

---

**No. W1999-01556-CCA-R3-CD - Filed January 17, 2001**

---

DAVID G. HAYES, J., concurring, in which THOMAS T. WOODALL, J., joined.

I join with my colleagues in affirming the judgment of the trial court. I respectfully disagree, however, with Judge Wade's conclusion that the admission of the pre-death photograph of the victim constitutes harmless error. I find no error in the photograph's admission. In State v. Nesbit, 978 S.W.2d 872 (Tenn. 1998), appendix at 902, a capital case involving virtually the identical issue, our supreme court adopted the following rationale:

> The record indicates that the [pre-death] photograph was offered by the State to establish the victim's identity as a "creature in being."[1] In Bolden v. State, 203 S.W. 755 (Tenn. 1918), our supreme court held that the evidence necessary "to establish the *corpus delicti* in [a homicide case] must show that the life of a human being has been taken, which involves the subordinate inquiry as to the identity of the person charged to have been killed...." Thus, employing the test espoused in Banks, 564 S.W.2d at 949, we find no error in the admission of the photograph during the guilt phase of the trial. *See e.g.* State v. Scott, 626 S.W.2d 25, 28 (Tenn. Crim. App. 1981); *But see* State v. Dicks, 615 S.W.2d 126, 128 (Tenn.), *cert denied*, 454 U.S. 933, 102 S. Ct. 431 (1981)(pictures of homicide victim while alive should not be admitted at trial unless relevant to a material issue, although such an error may not be prejudicial to the outcome).

---

[1]Under the pre-1988 criminal code, murder was defined as the unlawful killing of "any reasonable creature in being." *See* TENN. CODE ANN. § 39-2-201 (repealed 1989). Thus, in the prosecution of any homicide, proof that the deceased was a "reasonable creature in being," that is, to say a child that was born alive, was a material element of the offense of murder. *See* Morgan v. State, 256 S.W. 433, 434 (Tenn. 1923). The phrase "reasonable creature in being" has no application to our current criminal code. The 1989 criminal code defines the killing of "another" to include a viable fetus of a human being. TENN. CODE ANN. § 39-13-214 (1989). As such, proof of a reasonable creature in being is no longer necessary. The deceased's identity, however, remains a material element. Indeed, the *corpus delicti* must be proven beyond a reasonable doubt and the defendant's statements alone are not sufficient to establish this element. State v. Shepherd, 862 S.W.2d 557, 564 (Tenn. Crim. App. 1992).

As such, our supreme court held that the identity of a victim may be shown through admission of a photograph taken of the victim while alive.  State v. Nesbit, 978 S.W.2d at 902.

In the present case, Officer Nesbitt was shown the pre-death photograph of the victim and asked if the person in the photograph was the same person that she assisted at the scene.  The Officer indicated that it was.  The photograph was entered for purposes of identification only.  Accordingly, under our supreme court's adoption in Nesbit, 978 S.W.2d at 902, the trial court properly admitted the photograph for identification purposes and, therefore, no error occurred.

 

_____

DAVID G. HAYES, JUDGE